IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

RICKY RONNELLL EWING                                          PLAINTIFF

v.                                                           1:16-cv-90-HSO-JCG

DENSTINY RICHIE, *Nurse*, *et al*                            DEFENDANTS

REPORT AND RECOMMENDATION

BEFORE THE COURT is the Motion to Dismiss for Failure to Exhaust

Available Administrative Remedies (ECF No. 18), filed by Defendant Denstiny

Richie. Plaintiff Ricky Ronnell Ewing is a postconviction prisoner in the custody

of the Mississippi Department of Corrections (MDOC) who is proceeding *pro se*

and *in forma pauperis*. Plaintiff responded to Defendant's Motion to Dismiss but

admits in his Complaint (ECF No. 1) and his Response in Opposition (ECF No.

20) that he did not fully exhaust the Administrative Remedy Program (ARP)

adopted by the MDOC before filing this lawsuit. Plaintiff's claims are barred by

42 U.S.C. § 1997e(a) for Plaintiff's failure to exhaust available administrative

remedies, and Defendants' to Dismiss (ECF No. 18) should therefore be granted.

I. BACKGROUND

Plaintiff is a frequent *in forma pauperis* prisoner filer, who had one

qualifying dismissal or "strike" at the time he filed this suit on March 10, 2016.[1]

_____

[1] A qualifying dismissal or "strike" is "an action or appeal in a court of the United States that [is]
dismissed on grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be
granted." 28 U.S.C. § 1915(g). A prisoner with three of more strikes cannot proceed *in forma
pauperis* in a civil action or appeal "unless the prisoner is under imminent danger of serious physical

He has since accumulated two more strikes.[2] There are currently twelve suits

pending in this Court filed by Plaintiff.[3]

In this suit, Plaintiff's primary allegation is that he was assaulted and

threatened by a nurse, Defendant Richie. (ECF No. 1, at 4).[4] He seeks to be

released from MDOC on time served "with [his] Golden Seal and $2,700,000.00."

*Id.* In the space provided on the form Complaint, Plaintiff checked "yes" when

asked if he had completed the ARP regarding the claims presented in his

Complaint. Plaintiff followed this response by writing [all sic in original]:

> ARP Process having sent it back been for every. Here is
> a copy of it. J. Cooley and R. Pennington is not processing
> my ARP.
> . . .
> I went through the ARP Process first. J. Cooley and R.
> Pennington is not process each one of my ARP.
> . . .
> Having heard anything yet. Still waiting. My ARP is
> been tempted with.

---

injury." *Id.* In *Ewing v. Jones*, 1:15-cv-254-HSO-JCG (S.D. Miss. Feb. 1, 2016), Plaintiff's suit was dismissed as malicious because Plaintiff was pursuing the same claims in civil action number 1:15-cv-253-LG-RHW.

[2] In *Ewing v. Cooley,* 1:15-cv-277-HSO-JCG (S.D. Miss. Apr. 11, 2016), Plaintiff's claims were dismissed with prejudice as frivolous and for failure to state a claim. In *Ewing v. Richie*, 1:16-cv-90-HSO-JCG (May 17, 2016), claims against certain defendants were dismissed for failure to state a claim, and the remainder of the case is pending.

[3] *Ewing v. May,* 3:14-cv-474-LRA (S.D. Miss.); *Ewing v. Woodall,* 1:15-cv-253-LG-RHW (S.D. Miss.); *Ewing v. Banks,* 1:15-cv-298-RHW (S.D. Miss.); *Ewing v. Cooley,* 1:15-cv-381-HSO-JCG (S.D. Miss.); *Ewing v. Peabody,* 1:16-cv-46-HSO-JCG (S.D. Miss.); *Ewing v. Peabody,* 1:16-cv-52-HSO-JCG (S.D. Miss.); *Ewing v. Sanford,* 1:16-cv-56-HSO-JCG (S.D. Miss.); *Ewing v. William,* 1:16-cv-76-LG-RHW (S.D. Miss.); *Ewing v. Richie,* 1:16-cv-90-HSO-JCG (S.D. Miss.); *Ewing v. Frost,* 1:16-cv-121-LG-RHW (S.D. Miss.); *Ewing v. Horn,* 1:16-cv-122-LG-RHW (S.D. Miss.).

[4] Latrina Gamble and Porchia Johnson – both correctional officers at SMCI – were originally named defendants, but were dismissed on May 17, 2016 by District Judge Ozerden for Mr. Ewing's failure to state a claim against them. (ECF No. 11).

*Id.* at 3. Defendant avers that, by these statements, "Ewing confesses in his

complaint that he chose to file this suit before the completion of the ARP

process." (ECF No. 19, at 6). Plaintiff then responded to Defendant's Motion [all

sic in original]:

> As you can see here that I Ricky R. Ewing #34353 did file a ARP about
> this incident and nothing have been done about this…. Joseph Cooley
> who are in charge of ARPs did not process my ARP somehow I haven't
> heard anything from it. This ARP was mail through ILAP Services
> Assistance Program.
> …
> ILAP Service got my ARP on the 1/5/16 what happen between that it
> all on MDOC Mr. Joseph Cooley not process them. Court could you
> please give me some time see or to reach Joseph Cooley or MDOC
> Richard Pennington too see what being going on with each and some
> of my ARP that I file.

(ECF No. 20, at 3).

## II. DISCUSSION

### A. Legal Standard

To survive a motion to dismiss pursuant to Rule 12(b)(6), "a complaint must

contain sufficient factual matter, accepted as true, to 'state a claim to relief that is

plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl.

Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible "when the

plaintiff pleads factual content that allows the court to draw the reasonable

inference that the defendant is liable for the misconduct alleged." *Id.*

In deciding a Rule 12 motion to dismiss, the Court accepts all well-pleaded

facts as true and views them in the light most favorable to Plaintiff. *New Orleans

City v. Ambac Assur. Corp.*, 815 F.3d 196, 199 (5th Cir. 2016). Even so, "[f]actual

allegations must be enough to raise a right to relief above the speculative level."

*Twombly*, 550 U.S. at 555. "While legal conclusions can provide the complaint's

framework, they must be supported by factual allegations." *Iqbal*, 556 U.S. at 664.

"Threadbare recitals of the elements of a cause of action, supported by mere

conclusory statements, do not suffice." *Id*. at 678. Pro se plaintiffs are held to less

stringent standards than lawyers, but "regardless of whether the plaintiff is

proceeding *pro se* or is represented by counsel, 'conclusory allegations or legal

conclusions masquerading as factual conclusions will not suffice to prevent a motion

to dismiss.'" *Taylor v. Books A Million, Inc.,* 296 F.3d 376, 378 (5th Cir. 2002)

(quoting *S. Christian Leadership Conf. v. Sup. Ct. of the St. of La.*, 252 F.3d 781,

786 (5th Cir. 2001)); *see also Durham v. Ascension Par. Sch. Bd.*, 624 F. App'x 237,

239 (5th Cir. 2015) (affirming dismissal of pro se plaintiff's complaint).

Claims and supporting factual allegations must be raised in a complaint and

may not be presented only in a response to a motion to dismiss or in a motion for

summary judgment. *Cevallos v. Silva*, 541 F. App'x 390, 393-94 (5th Cir. 2013)

("Even if [plaintiff's] Response stated a claim for relief cognizable under *Twombly,*

the *complaint* must contain either direct allegations on every material point

necessary to sustain recovery or contain allegations from which an inference may be

fairly drawn that evidence will be introduced at trial.") (emphasis in original); *see*

*also Cutrera v. Bd. of Sup'rs of La. State Univ.*, 429 F.3d 108, 113 (5th Cir. 2005)

("A claim which is not raised in the complaint but, rather, is raised only in response

to a motion…is not properly before the court."); *accord. Smith v. St. Jude Med.*, No.

1:15-CV-263-KS-RHW, 2015 WL 9094383, at *2 (S.D. Miss. Dec. 16, 2015) ("Claims raised for the first time in response to a motion to dismiss 'cannot support federal question jurisdiction because they do not appear[ ] on the face of the plaintiff's wellpleaded complaint,' even if the plaintiff is proceeding *pro se*.") (quoting *Vela v. Manning*, 469 F. App'x 319, 321 (5th Cir. 2012)).

B.  Analysis

Under the Prison Litigation Reform Act (PLRA), Pub. L. No. 104-134, 110 Stat. 1321, H.R. 3019 (codified as amended in scattered titles and sections of the U.S.C.), prisoners are required to exhaust available administrative remedies before filing a conditions-of-confinement lawsuit:

> No action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or   any   other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a).

The PLRA's exhaustion requirement protects administrative agency authority, promotes efficiency, and produces "a useful record for subsequent judicial consideration." *Woodford v. Ngo*, 548 U.S. 81, 89 (2006). A prisoner's failure to exhaust available administrative remedies undermines these purposes.

> The benefits of exhaustion can be realized only if the prison grievance system is given a fair opportunity to consider the grievance. The prison grievance system will not have such an opportunity unless the grievant complies with the system's critical procedural rules. A

> prisoner who does not want to participate in the prison grievance system will have little incentive to comply with the system's procedural rules unless noncompliance carries a sanction . . . .

*Id.* at 95.

Exhaustion "is a threshold issue that courts must address to determine whether litigation is being conducted in the right forum at the right time." *Dillon v. Rogers*, 596 F.3d 260, 272 (5th Cir. 2010). Dismissal is mandatory where a prisoner fails to properly exhaust available administrative remedies before filing suit in federal court. *Gonzalez v. Seal*, 702 F.3d 785, 788 (5th Cir. 2012). "[J]udges may resolve factual disputes concerning exhaustion without the participation of a jury." *Dillon,* 596 F.3d at 272.

The Mississippi Code grants MDOC the authority to adopt an administrative review procedure at each of its correctional facilities. Miss. Code Ann. § 47-5-801. MDOC has implemented the ARP through which prisoners may seek formal review of a complaint or grievance relating to any aspect of their incarceration.[5] Effective September 19, 2010, the ARP is a two-step process. *Threadgill v. Moore,* No. 3:10cv378-TSL-MTP, 2011 WL 4388832, *3 n.6 (S.D. Miss. July 25, 2011).

---

[5]*See* MDOC Inmate Handbook, Ch. VIII, Administrative Remedy Program, http://www.mdoc.ms.gov/Inmate-Info/Pages/Inmate-Handbook.aspx.

The Fifth Circuit has recognized that the procedure of backlogging in a prison administrative program is constitutional and does not excuse a prisoner's failure to exhaust available administrative remedies. *Wilson v. Epps*, 776 F.3d 296, 300 (5th Cir. 2015); *Wilson v. Boise,* 252 F.3d 1356, 2001 WL 422621 (5th Cir. 2001) (unpublished). The Fifth Circuit held in *Wilson v. Boise* that the plain meaning of the PLRA, as well as public policy, compelled this result:

> Wilson's backlogged claims result directly from his own litigiousness. Were we to hold prison authorities to the standard deadlines on all claims, prisoners could easily circumvent the requirement of exhaustion simply by filing voluminous numbers of complaints, knowing that the authorities would not be able to address all of them in a timely fashion.

2001 WL 422621, at *4.

In *Wilson v. Epps,* the Fifth Circuit addressed MDOC's ARP specifically and held that a prisoner plaintiff "cannot maintain a suit founded on any claim that he presented to the prison in only a step-one ARP, irrespective of whether the prison responded within the time allotted for rendering step-one response." 776 F.3d 296, 301 (5th Cir. 2015). The Fifth Circuit noted that the prisoner's "complaint makes clear that he neither received a final-step response from the prison nor filed a final-step appeal and sued only after the prison failed to timely respond at that point." *Id.* at 302. Summary judgment in favor of the defendants was affirmed. *Id.*

As established by Plaintiff's own averments in his Complaint (ECF No. 1) and in his Response in Opposition (ECF No. 20), Plaintiff only filed a step-one

ARP concerning the claims in this suit. It was backlogged due to previous grievances filed by Plaintiff. The law is clear that backlogging of Plaintiff's grievance does not excuse his failure to exhaust available administrative remedies. Backlogged claims result directly from Plaintiff's own litigiousness. Plaintiff cannot circumvent the requirement of exhaustion by filing voluminous numbers of complaints. Plaintiff's claims are barred by 42 U.S.C. § 1997e(a) and should be dismissed without prejudice.

## III. RECOMMENDATION

It is recommended that the Motion to Dismiss for Failure to Exhaust Available Administrative Remedies (ECF No. 18) filed by Defendant Denstiny Richie be GRANTED and that Plaintiff's claims be dismissed without prejudice.

## IV. NOTICE OF RIGHT TO APPEAL/OBJECT

Pursuant to Local Uniform Civil Rule 72(a)(3),

> After service of a copy of the magistrate judge's report and recommendations, each party has fourteen days to serve and file written objections to the report and recommendations. A party must file objections with the clerk of court and serve them upon the other parties and submit them to the assigned district judge. Within seven days of service of the objection, the opposing party or parties must either serve and file a response or notify the district judge that they do not intend to respond to the objection.

L.U. Civ. R. 72(a)(3); *see* 28 U.S.C. § 636(b)(1).

An objecting party must specifically identify the findings, conclusions, and recommendations to which he objects. The District Judge need not consider frivolous, conclusive, or general objections. A party who fails to file written

objections to the proposed findings, conclusions, and recommendations shall be

barred, except upon grounds of plain error, from attacking on appeal any

proposed factual finding or legal conclusion adopted by the Court to which he did

not object.  *Douglass v. United Servs. Auto. Assoc.,* 79 F.3d 1415, 1428-29 (5th

Cir. 1996).

      **SIGNED,** this the 9th day of January, 2017.

s/ John C. Gargiulo
JOHN C. GARGIULO
UNITED STATES MAGISTRATE JUDGE