IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | | |
|---|---|---|
| **RICKY RONNELL EWING** § | | **PLAINTIFF** |
| § | | |
| § | | |
| v. § | Civil No. 1:16cv90-HSO-JCG | |
| § | | |
| § | | |
| **DENSTINY RICHIE,** *Nurse, et al.* § | | **DEFENDANTS** |

**ORDER FINDING MOOT PLAINTIFF'S [25] MOTION TO EXTEND DEADLINE FOR FILING OBJECTIONS; OVERRULING PLAINTIFF'S [26] OBJECTIONS; ADOPTING MAGISTRATE JUDGE'S [22] REPORT AND RECOMMENDATION; GRANTING DEFENDANT DENSTINY RICHIE'S [18] MOTION TO DISMISS FOR FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES; AND DISMISSING PLAINTIFF'S CLAIMS WITHOUT PREJUDICE**

BEFORE THE COURT are Plaintiff Ricky Ronnell Ewing's Motion [25] to Extend Deadline for Filing Objections and his Objections [26] to the Report and Recommendation [22] of United States Magistrate Judge John C. Gargiulo, entered in this case on January 9, 2017, regarding Defendant Denstiny Richie's Motion [18] to Dismiss for Failure to Exhaust Administrative Remedies. Based upon a review of Plaintiff's Complaint [1], Defendant Richie's Motion [18], related pleadings, and relevant legal authority, the Magistrate Judge recommended that Defendant Richie's Motion [18] be granted and that Plaintiff's claims be dismissed without prejudice. R. & R. [22] at 8.

After thoroughly reviewing Plaintiff's Objections [26], the Magistrate Judge's Report and Recommendation [22], Defendant Richie's Motion [18] to Dismiss, the

1

record, and relevant legal authority, the Court finds that Plaintiff's Objections [26] should be overruled and that the Magistrate Judge's Report and Recommendation [22] should be adopted as the finding of the Court. Defendant Richie's Motion [18] to Dismiss should be granted, and Plaintiff's claims should be dismissed without prejudice. Because the Court has considered Plaintiff's late-filed Objections [26], Plaintiff's Motion [25] to Extend Deadline for Filing Objections is rendered moot.

## I. BACKGROUND

Plaintiff Ricky Ronnell Ewing ("Plaintiff" or "Ewing") filed his Complaint [1] pursuant to 42 U.S.C. §1983 in this Court on March 10, 2016. At that time, Plaintiff was incarcerated at the South Mississippi Correctional Institution ("SMCI") in Leakesville, Mississippi. *See* Compl. [1] at 1. The Complaint [1] named as Defendants two correctional officers and Nurse Denstiny Richie ("Defendant Richie"). *Id.* The Court previously dismissed Plaintiff's claims against the two correctional officers for failure to state a claim, Order [11] at 1-3, leaving only Plaintiff's claims against Defendant Richie for resolution.

Plaintiff asserts that on December 31, 2015,[1] Defendant Richie assaulted and threatened him. Compl. [1] at 4. Plaintiff asks the Court to grant him time-served and release him from the custody of the Mississippi Department of Corrections ("MDOC") with his "Golden Seal" and $2,700,000.00 damages. *Id.*

In the form Complaint for § 1983 claims, Plaintiff responded affirmatively

---

[1] The Complaint states that this incident occurred on December 31, 2016. Compl. [1] at 4. In light of the fact that Plaintiff executed the Complaint on February 23, 2016, *id.*, this is obviously an error. The Administrative Remedy Program form attached to the Complaint states that the incident occurred on December 31, 2015. ARP [1] at 5.

2

when asked whether he had "completed the Administrative Remedy Program ["ARP"] regarding the claims presented in this complaint?" Compl. [1] at 3. Plaintiff asserted that he had completed an ARP form, which he attached as an exhibit to his Complaint, but that a J. Cooley and R. Pennington had not processed his ARP. *Id.* Plaintiff had not "heard anything yet" and was "still waiting." *Id.* According to Plaintiff, his "ARP [has] been tempted [sic] with." *Id.*

On July 18, 2016, Defendant Richie filed a Motion [18] to Dismiss for Failure to Exhaust Administrative Remedies. Defendant contends that Plaintiff failed to exhaust his available administrative remedies under the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a) (the "PLRA"), mandating dismissal of his claims. Def.'s Mem. [19] at 3-6. Defendant alternatively argues that, even if Plaintiff's allegations were considered on their merits, Plaintiff has failed to state a deliberate indifference claim against Defendant Richie. Plaintiff filed Responses [20], [21] in opposition to Defendant Richie's Motion [18], maintaining that he has filed an ARP regarding this claim, but that the ARP has not been processed.

On January 9, 2017, the Magistrate Judge entered a Report and Recommendation [22]. The Magistrate Judge determined that Plaintiff had failed to exhaust his administrative remedies because, even if Plaintiff had filed an ARP concerning the claims in this lawsuit, "[t]he law is clear that backlogging of Plaintiff's grievance does not excuse his failure to exhaust available administrative remedies." R. & R. [19] at 8. The Magistrate Judge recommended that Defendant Richie's Motion [18] to Dismiss be granted and that Plaintiff's claims be dismissed

3

without prejudice. *Id.*

Plaintiff submitted Objections [26] to the Report and Recommendation, again claiming that he did in fact file an ARP at SMCI and attaching an ARP as an exhibit. Objs. [26] at 2; ARP [26-1] at 1. Plaintiff argues that "SMCI and MDOC did not process [his] ARP." Objs. [26] at 2. According to Plaintiff, "J. Cooley and R. Pennington is [sic] not processing them," *id.*, and "I don't have nothing [sic] to do with backlog. All that I no [sic] that I file each one of them," *id.*

## II. DISCUSSION

A. Standard of review

Because Plaintiff has submitted written Objections [26] to the Magistrate Judge's Report and Recommendation [22], the Court "make[s] a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); Rule 8(b) of Rules Governing Section 2254 Cases in the United States District Courts. "Such review means that this Court will examine the entire record and will make an independent assessment of the law." *Lambert v. Denmark,* Civil No. 2:12-cv-74-KS-MTP, 2013 WL 786356, *1 (S.D. Miss. Mar. 1, 2013). In conducting a de novo review, the Court is not "required to reiterate the findings and conclusions of the magistrate judge." *Koetting v. Thompson*, 995 F.2d 37, 40 (5th Cir. 1993).

B. Plaintiff was required to exhaust his available administrative remedies prior to filing suit.

"The PLRA requires prisoners to exhaust 'such administrative remedies as are available' prior to filing a § 1983 action regarding prison conditions." *Cowart v.*

4

*Erwin*, 837 F.3d 444, 451 (5th Cir. 2016) (quoting 42 U.S.C. § 1997e(a)). Exhaustion is an affirmative defense, and the burden is on a defendant to prove a plaintiff failed to exhaust available administrative remedies. *Id.*

The United States Supreme Court has held that § 1997e's exhaustion "language is 'mandatory.'" *Ross v. Blake*, 136 S. Ct. 1850, 1856 (2016). "And that mandatory language means a court may not excuse a failure to exhaust, even to take [any special] circumstances into account." *Id.* "[M]andatory exhaustion statutes like the PLRA establish mandatory exhaustion regimes, foreclosing judicial discretion." *Id.*

The United States Court of Appeals for the Fifth Circuit has explained that "[t]he prison's grievance procedures, and not the PLRA, define the remedies that are available and must thus be exhausted." *Cowart*, 837 F.3d at 451. The Fifth Circuit takes a "'strict' approach to § 1997e's exhaustion requirement, under which prisoners must not just substantially comply with the prison's grievance procedures, but instead must exhaust available remedies *properly*." *Id.* (emphasis in original) (quotation omitted).

The MDOC utilizes a "formal two-step process for handling inmate grievances." *Yankton v. Epps*, 652 F. App'x 242, 245 (5th Cir. 2016) (citing Miss. Code § 47-5-801, *et seq.*; *Wilson v. Epps*, 776 F.3d 296, 300 n.2 (5th Cir. 2015)).

> "[T]o ensure their right to use the formal [ARP]," inmates "must make their request to the Adjudicator in writing within a 30 day period after an incident has occurred." [Inmate Handbook, MDOC, ch. VIII, sec. IV.] They are, however, discouraged from making repetitive requests and "are encouraged to continue to seek solutions to their concerns through informal means." [*See id.*]

5

> Prior to the "first step" of this procedure, the Adjudicator screens the request to determine whether it meets specified criteria. [*See id.* at ch. VIII, sec. V.] If a request fails to meet that criteria, the Adjudicator will reject it and notify the inmate via Form ARP–1. [*See id.* at ch. VIII, sec. VI.] If the request meets the criteria, however, the Adjudicator will accept it into the ARP, and the request will then proceed to the first step. At the first step, the appropriate MDOC official receives the request via Form ARP–1 and provides a "first-step response" to the request via Form ARP–2. If the inmate is satisfied with this first-step response, he does not need to do anything further. If unsatisfied, however, the inmate may then proceed to the "second step" by indicating as much on the same Form ARP–2. At the second step, another appropriate MDOC official, such as a warden, provides the "second-step response" via Form ARP–3. If unsatisfied with the second-step response, the inmate may then bring a claim in court. [*See* Inmate Handbook, MDOC, ch. VIII, sec. IV.]

*Id.* According to the MDOC Inmate Handbook,

> [u]nless an extension has been granted, no more than 90 days shall elapse from beginning the process to ending the process. Absent such an extension, expiration of response time limits without receipt of a written response shall entitle the inmate to move on to the next step in the process.

Inmate Handbook, MDOC, ch. VIII, sec. VIII (2016), http://www.mdoc.ms.gov/Inmate-Info/Documents/CHAPTER_VIII.pdf (last visited Feb. 17, 2017).

"Section 1997e's exhaustion requirement is satisfied only if the prisoner 'pursue[s] the grievance remedy to conclusion.'" *Wilson*, 776 F.3d at 301 (quoting *Wright v. Hollingsworth*, 260 F.3d 357, 358 (5th Cir. 2001)). According to the Fifth Circuit,

> [t]his requirement does not fall by the wayside in the event that the prison fails to respond to the prisoner's grievance at some preliminary step in the grievance process. Instead, the prison's failure to timely respond simply entitles the prisoner to move on to the next step in the process. Thus, it is only if the prison fails to respond at the *last* step of the grievance process that the prisoner becomes entitled to sue, because

6

> then there is no next step (save filing a lawsuit) to which the prisoner can advance.

*Id.* (emphasis in original). A prisoner therefore "cannot maintain a suit founded on any claim that he presented to the prison in only a step-one ARP, irrespective of whether the prison responded within the time allotted for rendering step-one responses." *Id.*

C. <u>Plaintiff's claims should be dismissed without prejudice for failure to exhaust administrative remedies.</u>

Plaintiff has attached to his Complaint an ARP form addressed to the Legal Claims Adjudicator involving the December 31, 2015, incident with Defendant Richie, which appears to have been executed by Plaintiff on January 5, 2016. *See* ARP [1] at 5. Plaintiff maintains that he submitted the ARP, but that it was never processed. *See* Compl. [1] at 3.

Defendant Richie argues that Plaintiff is barred from filing suit because he did not exhaust the ARP process, and notes in her Memorandum [19] that her counsel

> conferred with prison officials prior to filing this motion, and despite the fact that Ewing purport [sic] to attach a copy of a request for an administrative remedy (attached to Doc. 1 at 5), there is no record of Ewing ever filing an ARP request related to the allegations in his Complaint.

Def.'s Mem. [19] at 6 n.4.

While Defendant maintains that Plaintiff never began the ARP process for this particular claim, whether he did or not is not dispositive here. Plaintiff essentially confesses in his Complaint and other pleadings that he only began the

first step of the two-step MDOC ARP process. Assuming he did in fact submit the initial ARP form that was attached to his Complaint, Plaintiff was "still waiting" for a response when he filed his Complaint, over a year after the ARP was purportedly submitted. *See* Compl. [1] at 3.

Plaintiff clearly has not pursued the grievance remedy to its conclusion, *see Wilson*, 776 F.3d at 301, and any delay in the prison's response before the last step of the grievance process "simply entitle[d Plaintiff] to move to the next step of the process," *id*. According to the Fifth Circuit, Plaintiff cannot maintain this suit because he only presented to the prison a step-one ARP, "irrespective of whether the prison responded within the time allotted for rendering step-one responses." *Id*.

Having conducted a de novo review of the record, the Court agrees with the conclusions reached by the Magistrate Judge. Plaintiff has not exhausted his administrative remedies, and Defendant Richie's Motion [18] to Dismiss should be granted.

### III. CONCLUSION

For the reasons stated herein, Plaintiff's Objections [26] will be overruled, and the Magistrate Judge's Report and Recommendation [22] will be adopted as the finding of this Court. Defendant Richie's Motion [18] to Dismiss will be granted, and Plaintiff's claims will be dismissed without prejudice. Plaintiff's Motion [25] to Extend Deadline for Filing Objections is rendered moot.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, Plaintiff Ricky Ronnell Ewing's Objections [26] to the Report and Recommendation [22] of United

States Magistrate Judge John C. Gargiulo are **OVERRULED**, and the Report and Recommendation [22] of United States Magistrate Judge John C. Gargiulo, entered in this case on January 9, 2017, is adopted in its entirety as the finding of this Court.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that, Plaintiff Ricky Ronnell Ewing's Motion [25] to Extend Deadline for Filing Objections is **MOOT**.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that, Defendant Denstiny Richie's Motion [18] to Dismiss for Failure to Exhaust Administrative Remedies is **GRANTED**, and Plaintiff Ricky Ronnell Ewing's claims are **DISMISSED WITHOUT PREJUDICE**.   A separate final judgment will be entered pursuant to Federal Rule of Civil Procedure 58.

**SO ORDERED AND ADJUDGED**, this the 23rd day of February, 2017.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE